| | |
|---|---|
| UNITED STATES DISTRICT COURT | EASTERN DISTRICT OF TEXAS |

ALEXANDER LYNN, #23387-078        §
                                  §
*versus*                          §   CIVIL ACTION NO. 4:17-CV-670
                                  §   CRIMINAL ACTION NO. 4:15-CR-177(1)
UNITED STATES OF AMERICA          §

**MEMORANDUM OPINION AND ORDER**

In a motion for relief pursuant to Rule 60(b) (#24), *pro se* Movant Alexander Lynn asks the Court to reconsider its Final Judgment dismissing his Motion to Vacate, Set Aside, or Correct a Sentence filed pursuant to 28 U.S.C. § 2255.

Rule 60(b) is properly invoked to "to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989).  The rule does not exist to be a vehicle for re-litigating old issues, presenting the case under new theories, obtaining a rehearing on the merits, or taking a "second bite at the apple." *Sequa Corp v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998).  However, it allows a party to "question the correctness of a judgment." *Templet v. HydroChem, Inc.*, 367 F.3d 473, 478 (5th Cir. 2004).  The rule for reconsideration of a final judgment allows a court to alter or amend a judgment because of (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law or fact, or (4) to prevent a manifest injustice. *Schiller v. Physicians Resource Group, Inc.,* 342 F.3d 563, 567 (5th Cir. 2003).

Movant asks the Court to reopen his case because he claims he was waiting on the Court to order him to file a Reply to the Government's Response.  The record shows that the Response was filed on June 21, 2019 (Dkt. #17), and the Report and Recommendation (Dkt. #18) was not filed until September 7,2020 – more than fourteen months later.  The local rules of the Eastern District

of Texas do not contemplate the Court ordering a Reply, but rather, state that a party *may* file a Reply within seven days from the date the Response is served. Local Rule CV-7(f) (emphasis added). Further, the record shows that upon Respondent's motions for extensions of time in which to file the Response, the Court granted extensions. (Dkt. ## 14, 16). Likewise, Movant could have filed a motion for extension as well, and one would have been granted. More than fourteen months passed after the Response was filed with no action from Movant. While the Court construes *pro se* pleadings liberally, *Erickson v. Pardus*, 551 U.S. 89 (2007), courts are not tasked with litigating on behalf of *pro se* petitioners. Neither are *pro se* petitioners exempt from complying with applicable local and federal rules.

In the interest of justice, however, the Court has reviewed Movant's Reply (Dkt. #23), filed more than one month after Final Judgment. In his Reply, Movant complains about the same issues raised in his § 2255 motion and his Rule 60(b) motion. He continues to assert that when he was questioned at his workplace, he was actually in custody; thus, he should have been advised of his M*iranda* rights. He also maintains that security at his workplace were working as agents. He concedes, however, that he was told he was free to leave and that the duration "was not excessive." (Dkt. #23, p. 5). As discussed in the Report and Recommendation, the record shows that Movant voluntarily spoke to the agents at his workplace, voluntarily drove to his apartment and presented his personal laptop to agents for inspection – even guiding them to the location on the laptop where the child pornography could be found. (Dkt #18, pp. 13-15). Movant fails to show constitutional error.

In sum, Movant fails to show (1) an intervening change in controlling law, (2) the availability of new evidence not available previously, (3) the need to correct a clear error of law

or fact, or (4) the need to prevent a manifest injustice. *Schiller,* 342 F.3d at 567. He is simply attempting to re-litigate old issues. *Sequa Corp*,156 F.3d at 144.

It is therefore **ORDERED** that Movant's Motion for Relief from Judgment filed pursuant to Rule 60(b) (#24) is **DENIED**. All motions by either party not previously ruled upon are **DENIED**.

SIGNED at Beaumont, Texas, this 1st day of February, 2021.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE